UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 4:14-CV-00088-BR

| | | |
|---|---|---|
| VERNON AUGUSTUS GUION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| RAY MABUS, Secretary of the Navy, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant Ray Mabus' motion to dismiss. (DE # 13.) Plaintiff filed a response entitled "Motion to Dismiss Defendant's Motion Under 12(b)(1) and 12(b)(6)." (DE # 16.) Defendant did not file a reply brief, and the time within which to do so has expired. This matter is therefore ripe for disposition.

## I. BACKGROUND

The Department of the Navy ("the Agency") operates the Fleet Readiness Center East ("FRC East") in Cherry Point, North Carolina. (Admin. Judge Decision, DE # 14-2, at 2.) Plaintiff, who is an African-American, worked at FRC East as a Sheet Metal Worker in the Production Execution Department from 3 December 2001 until his retirement on 31 August 2012. (Id.; Def.'s Ex. B, DE # 14-3.) Starting in 2011, when plaintiff was fifty-seven years old, FRC East transitioned into a Competency Aligned Organization ("CAO") structure. (Bastyr Aff., DE # 14-5, at 1; Guion Aff., DE # 14-8, at 1.) In an effort to meet workload demands while moving forward to a CAO structure, the Agency created a Competency Resource Pool ("CRP"). (See Def.'s Ex. C, DE # 14-4, at 1.) The purpose of the CRP was to create a roster of volunteers

within the various production trades "who were interested in being moved to other jobs to accommodate imbalances in the workload." (Bastyr Aff., DE # 14-5, at 2.)

On 29 November 2011, the Agency issued a memorandum addressed to all FRC East personnel issuing guidance about the CRP. (See Def.'s Ex. C, DE # 14-4.) Attached to the memorandum was a CRP volunteer form, on which personnel were instructed to indicate their interest in participating in the pool. (Id. at 2.) The Agency requested that all personnel return the completed CRP volunteer form by 8 December 2011. (Id. at 1.) The CRP volunteer form advised prospective volunteers:

> To be successful, it is necessary for this resource pool to consist of highly skilled artisans and workers that possess broad experience and have a general knowledge in multiple component and aircraft type model series (TMS). Such knowledge and experience will be documented in the skill based Individual Qualification Records (IQRs). We are also seeking highly motivated, interested artisans/workers who have not had the benefit of experience on multiple components and aircraft/platforms who are eager to learn through formal training or on-the-job training (OJT) to be part of this pool.
>
> . . . .
>
> Ultimately, management has the right to assign and move human resources wherever and whenever necessary to accomplish this mission. However, the utilization of volunteers has proven to be beneficial to labor, management and employees. Although participation in the resource pool does not guarantee promotion opportunities; the experience gained will increase your personal marketability.

(Id.) On 6 December 2011, plaintiff turned in his completed CRP volunteer form, in which he declined to participate in the pool. (See Def.'s Ex. E, DE # 14-6.)

On 15 March 2012, plaintiff filed a "formal complaint of discrimination" with the Equal Opportunity Employment Condition ("EEOC") in which he alleged that he was discriminated

2

against on the basis of his age and race because he was not "adequately trained" to participate in the CRP. (See Def.'s Ex. I, DE # 14-10.) Thereafter, plaintiff requested a hearing before an EEOC Administrative Judge ("AJ"). (Admin. Judge Decision, DE # 14-2, at 5.) On 3 May 2013, plaintiff filed a motion to amend his EEOC complaint to include the following claims: (1) "The Complainant was discriminated against because he was married to a person of a different race," and (2) "The Complainant was discriminated intentionally [sic] because management knew the Training record and the positions that was held with the Defense Logistic Agency, in which training was the strong suit advancement ladder." (See DE # 14-2, Ex. K, at 2.) The Agency filed an objection to plaintiff's motion to amend, and moved to dismiss the complaint for failure to state a claim or, in the alternative, for a decision without a hearing. (Admin. Judge Decision, DE # 14-2, at 5.) On 16 December 2013, the AJ issued a decision, finding "the accepted bases of race should also include that [plaintiff] is married to a White spouse," and granting summary judgment in favor of the Agency.[1] (Id. at 5, 6-7.) Plaintiff was issued a right to sue letter on 18 February 2014. (Def.'s Ex. L, DE # 14-13.)

Plaintiff timely filed this *pro se* action on 12 May 2014 pursuant to Title VII of the Civil Rights Act of 1964("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq*., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq*., alleging that due to his age and race, the Agency failed to sufficiently train him, failed to promote him, and created a hostile work environment. (Compl., DE # 1-1, ¶¶ 3-4, 6, 9.) Defendant filed the instant motion to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of

---

[1] The AJ's decision does not address plaintiff's request to amend his administrative complaint to include a claim that he was discriminated against by the Agency because the lack of sufficient training hindered his ability to move up the advancement ladder.

3

Civil Procedure. (DE #13.) Plaintiff responded by filing a motion to dismiss defendant's motion to dismiss. (DE # 16.)

## II. STANDARD OF REVIEW

Defendant moves to dismiss plaintiff's failure to promote and hostile work environment claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Under Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Dismissal for lack of subject matter jurisdiction is appropriate "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks and citation omitted). In considering a motion to dismiss filed under Rule 12(b)(1), the court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id.

Defendant also moves to dismiss plaintiff's failure to train claim for failure to state a claim under Rule 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the court considers the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations. E.I. du Pont de Nemours and Co. v. Kolon Indust., Inc., 637 F.3d 435, 440 (4th Cir. 2011). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Even though the court liberally construes *pro se* complaints, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs., Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000) (citation omitted).

## III. DISCUSSION

Defendant first argues that the court lacks subject matter jurisdiction to consider plaintiff's claims for failure to promote and hostile work environment because plaintiff failed to comply with the applicable administrative requirements. To challenge an alleged unlawful employment practice under Title VII or the ADEA, a plaintiff must first exhaust his administrative remedies by filing a charge of discrimination with the EEOC. Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (citing 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(d)). "The allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint." Hentosh v. Old Dominion Univ., 767 F.3d 413, 416 (4th Cir. 2014) (citations omitted). Although courts "recognize that EEOC charges often are not completed by lawyers and as such must be construed with utmost liberality," courts are "not at liberty to read into administrative charges allegations they do not contain." Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 408 (4th Cir. 2013) (citations and quotation marks omitted). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint" may be pursued in a lawsuit under Title VII or the ADEA. Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996).

In his EEOC complaint, plaintiff alleges, "I was discriminated against based on my age (57) and my race (Black) because I have not been adequately trained to sufficiently participate in the Competency Resource Pool volunteer initiative." (Def.'s Ex. I, DE # 14-10, at 2.) Plaintiff later filed a motion with the EEOC seeking to amend his complaint to include allegations that the Agency racially discriminated against him based on his interracial marriage, and denied him sufficient training to move up the "advancement ladder." (See DE # 14-12, at 2.) In the motion

to amend, plaintiff specifically complains that "without training the Complainant could not successfully complete [sic] for promotions, that would have qualified him for the volunteer program, that could have help [sic] him to achieved [sic] a Supervisor position in the future, without the training there was no advancement." (Id. at 3.)

In the instant suit, plaintiff has continued to pursue claims of age and race discrimination by alleging that "the Agency failed to train plaintiff sufficiently to maintain a high standard for the mission of promotion(s)[.]" (Compl., DE # 7, ¶¶ 4, 6, 9.) In addition to claiming failure to train, plaintiff's complaint also alleges that the Agency used a "bias[ed] promotional system to create a permanent underclass," (id. ¶ 4), and created a hostile work environment "by using abusive disciplinary tactics" to deny promotions to older, African-American employees, (id. ¶ 9). Defendant contends that "with the exception of his failure to train claim, Plaintiff has failed to administratively exhaust all remaining claims included in his Complaint." (Def.'s Mem., DE # 14, at 9.)

The court agrees that plaintiff has failed to exhaust his administrative remedies with regard to his claims for failure to promote and hostile work environment. Plaintiff's EEOC complaint focuses on plaintiff's lack of sufficient training to participate in the CRP and does not include any allegations that might support a claim for failure to promote or hostile work environment. Although plaintiff's motion to amend details his belief that the Agency's failure to provide him with adequate training resulted in him not being able to compete for promotional opportunities that would have qualified him to participate in the CRP, his motion does not refer to any open positions that were filled by others, or state that he sought a particular position and was passed over. Moreover, plaintiff's motion fails to allege a hostile work environment or any discriminatory terms or conditions of employment. Thus, taken as a whole, plaintiff's EEOC

6

filing does not state a claim for either failure to promote or hostile work environment, or set forth factual allegations that are reasonably related to such claims or would have led to investigation of such claims. Because plaintiff has failed to exhaust his administrative remedies with respect to his claims for failure to promote and hostile work environment, he is barred from asserting these claims in this court.

Regarding plaintiff's failure to train claim, defendant argues that plaintiff has failed to allege facts sufficient to plausibly state a claim under Title VII or the ADEA. (Def.'s Mem., DE # 14, at 14.) Title VII makes it unlawful for an employer to discriminate against an employee "with respect to compensation, terms, conditions or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-(2)(a)(1). The ADEA similarly makes it unlawful for an employer to engage in discriminatory conduct because of an employee's age. 29 U.S.C. § 623(a)(1). In the Fourth Circuit, courts apply the burden shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), when evaluating claims arising under Title VII and the ADEA. See Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 238-41 (4th Cir. 1982) (adapting the framework used in Title VII cases to ADEA cases). To establish a *prima facie* case of discrimination under the McDonnell Douglas framework a plaintiff must show: (1) that he belongs to a protected class; (2) an adverse employment action by his employer; (3) satisfactory job performance; and (4) different treatment from similarly situated employees outside the protected class. Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

However, the Supreme Court has explained that "[t]he prima facie case under McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002). Thus, to prevail on a motion to dismiss, "an employment

discrimination plaintiff need not plead a prima facie case of discrimination." Id. at 515. Instead, a plaintiff's complaint must include sufficient factual matter to "state a claim for relief that is plausible, and not merely speculative." Jensen-Graf v. Chesapeake Emp'rs Ins. Co., 616 F. App'x 596, 597 (4th Cir. 2015).

In his complaint, plaintiff alleges that "the Agency failed to train [him] sufficiently to maintain a high standard for the mission of promotion(s) and the future mission of the Agency, while training younger workers" for higher level positions. (Compl., DE # 7, ¶ 4.) However, plaintiff fails to provide any specific facts to support his conclusory allegation that the Agency offered more favorable training opportunities to younger employees. Plaintiff's complaint does not identify any specific training opportunities that were denied to him, or describe any specific training or skills that were requisite to participate in the CRP or obtain advancement. Furthermore, his complaint does not identify any similarly situated employees outside of his protected class who were treated more favorably. Thus, plaintiff's allegations in this case are insufficient to state a claim of age and race discrimination. See Luy v. Balt. Police Dept., 326 F.Supp.2d 682, 689 (D. Md. 2004) (dismissing a Title VII claim where the plaintiff's conclusory allegations of discrimination were "devoid of any reference to actual events during his employment").

In sum, plaintiff's claims of race and age discrimination may not proceed. Plaintiff has failed to exhaust his administrative remedies with respect to his claims for failure to promote and hostile work environment. Plaintiff's claim for failure to train, while properly exhausted, does not state a claim for which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss, (DE # 13), is GRANTED, and plaintiff's motion to dismiss defendant's motion to dismiss, (DE # 16), is DENIED. This action is DISMISSED, and the Clerk is DIRECTED to close the case.

This 21 March 2016.

_____
W. Earl Britt
Senior U.S. District Judge